Dear Mayor Hawkins:
You have recently requested an opinion of the Board of Ethics for Elected Officials regarding non-attendance at meetings of the Town Council. As you have been advised, the Board of Ethics has determined that your question would be more appropriately addressed by this office and has, therefore, forwarded your request to the Attorney General for response.
Specifically, you ask whether the Town must continue to pay aldermen who do not attend regular and special council meetings.
The Town of Cheneyville is governed by the statutory scheme set forth in the Lawrason Act. With regard to the compensation payable to the elected officials of such communities, including aldermen, La. Const. (1974) Art. VI, Sec. 12 provides, in pertinent part:
 "The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law."
In accordance with this constitutional provision, the legislature has enacted R.S. 33:405(G), which provides a method for fixing the compensation of Aldermen. As amended in 1985, that provision provides, in pertinent part:
 "Aldermen shall receive compensation as established by ordinance and may increase their compensation from time to time, but any increase in compensation shall not become effective during the term of office in which the increase is approved, and no increase in compensation made within the last six months of the term of office for aldermen shall be effective for the next succeeding term."
You have advised by phone that pursuant to a Town ordinance, the Town has been compensating its Aldermen in the amount of $75.00 per month. Although we have not been provided with a copy of that ordinance, you have also advised that the ordinance does not expressly provide that receipt of this compensation is dependent upon attendance at meetings.
In addition to the above quoted provisions, La. Const. (1974) Art. VI, Sec. 12 also provides:
 "The compensation of a local official shall not be reduced during the term for which he is elected."
Although the Town can pass a new or amending ordinance that hinges receipt of compensation upon attendance at meetings, it is our opinion that in accordance with this constitutional provision, the ordinance could not be applied to these aldermen during their existing term of office.
We note that R.S. 33:405(A)(2) requires that the mayor and board of aldermen hold not less than one regular meeting per month. Additionally, 33:405(E) (F) provide that a majority of the aldermen must be present to constitute a quorum and that meetings fail for lack of a quorum. However, receipt of compensation does not appear to be statutorily contingent upon attendance at meetings.
Based upon the constitutional and statutory provisions cited herein, as well as our understanding of the Town's ordinance regarding compensation of Aldermen, it is our opinion that the Town has no choice but to continue paying its Aldermen, whether or not they attend meetings.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 297n